PAUL M. da COSTA, ESQ. - I.D. #042042003
SNYDER & SARNO, LLC
425 Eagle Rock Avenue
Roseland, New Jersey 07068
(973) 274-5200
pdacosta@medmalattorneynj.com
Attorneys for Plaintiff

| | |
|---|---|
| ESTATE of MICHAEL FOSTER, by DAVID E. FOSTER as Administrator and Administrator Ad Prosequendum of the ESTATE OF MICHAEL FOSTER, | IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY, NEWARK |
| | Civil Action |
| Plaintiff, | **COMPLAINT, JURY DEMAND, REJECTION OF NOTICE OF ALLOCATION, DEMAND FOR INSURANCE COVERAGE & DEMAND FOR TRANSCRIPTION** |
| v. | |
| JOHN W. KATZ, M.D., JAMES S. DONAHOO, M.D., WILLIAM F. FALLON, M.D., RICHI MEHTA, M.D., ADITYA SOOD, M.D., VAMSI V. ALLI, M.D., NEIL KING, M.D., UNITED STATES OF AMERICA, U.S. DEPARTMENT of VETERANS AFFAIRS, VA NEW JERSEY HEALTH CARE SYSTEM, EAST ORANGE CAMPUS VA HOSPITAL; John Does 1-10 and Jane Does 1-10 (representing presently unknown healthcare providers; including, but not limited to, doctors, nurses, medical residents, medical interns, respiratory therapists, technicians, etc.) & ABC CORPS. 1-10 (representing presently unknown facilities or entities who rendered care to the Plaintiff), *et. al,* | |
| Defendants. | |

## COMPLAINT IN CIVIL ACTION

## PARTIES

1.      Plaintiff, Estate of Michael Foster, by David E. Foster as Administrator and Administrator Ad Prosequendum of the Estate, residing in Newark, New Jersey.

2.      David E. Foster is the brother and Administrator and Administrator Ad Prosequendum of the estate of decedent, Michael Foster, an individual who passed away on June 26, 2013, being a citizen and resident of New Jersey who resided in Newark at the time of his passing.

3.      At all relevant times, Defendants United States of America, U.S. Department of Veterans Affairs, VA New Jersey Health Care System and East Orange Campus VA Hospital employed Defendants John W. Katz, M.D., James S. Donahoo, M.D., William F. Fallon, M.D., Richi Mehta, M.D., Aditya Sood, M.D., Vamsi V. Alli, M.D., Neil King, M.D., John Does 1-10, Jane Does 1-10 licensed physicians. By virtue of this employment relationship, the Defendants United States of America, U.S. Department of Veterans Affairs, VA New Jersey Health Care System and East Orange Campus VA Hospital are responsible for the negligence of Defendants John W. Katz, M.D., James S. Donahoo, M.D., William F. Fallon, M.D., Richi Mehta, M.D., Aditya Sood, M.D., Vamsi V. Alli, M.D., Neil King, M.D.  as detailed below.

4.      At all relevant times, Defendants John W. Katz, M.D., James S. Donahoo, M.D., William F. Fallon, M.D., Richi Mehta, M.D., Aditya Sood, M.D., Vamsi V. Alli, M.D., Neil King, M.D., John Does 1-10 and Jane Does 1-10 provided medical services at Defendant VA New Jersey Health Care System and Defendant East Orange VA Campus Hospital all of which are federal agencies located in East Orange, New Jersey.

5.        At all relevant times Defendants John W. Katz, M.D., James S. Donahoo, M.D., William F. Fallon, M.D., Richi Mehta, M.D., Aditya Sood, M.D., Vamsi V. Alli, M.D., Neil King, M.D., John Does 1-10 and Jane Does 1-10 had privileges at Defendant VA New Jersey Health Care System, Defendant East Orange VA Campus Hospital and were acting as its employees, servants, apparent agents and/or actual agents.

6.        At all relevant times, Defendants John W. Katz, M.D., James S. Donahoo, M.D., William F. Fallon, M.D., Richi Mehta, M.D., Aditya Sood, M.D., Vamsi V. Alli, M.D., Neil King, M.D., John Does 1-10 and Jane Does 1-10 were acting within the course and scope of their employment relationship with the United States of America and U.S. Department of Veterans Affairs, both of which are federal agencies, and/or within their agency and/or ostensible agency relationship with Defendant VA New Jersey Health Care System, Defendant East Orange VA Campus Hospital, ABC Corps. 1-10 making the United States of America and/or U.S. Department of Veterans Affairs liable for the aforementioned Defendants' negligence.

7.        Defendants VA New Jersey Health Care System, East Orange VA Campus Hospital and ABC Corps. 1-10 are professional corporations and/or legal entities organized and existing under the laws of New Jersey with principal places of business at 385 Tremont Avenue, East Orange, New Jersey. At all relevant times, John W. Katz, M.D., James S. Donahoo, M.D., William F. Fallon, M.D., Richi Mehta, M.D., Aditya Sood, M.D., Vamsi V. Alli, M.D., Neil King, M.D., John Does 1-10 and Jane Does 1-10 provided medical care and treatment to the decedent, Michael Foster, at the Defendant East Orange VA Campus Hospital, which was located at 385 Tremont Avenue, East Orange, New Jersey.

8        At all relevant times, Defendants VA New Jersey Health Care System, East Orange VA Campus Hospital and ABC Corps. 1-10 employed and/or retained physicians, nurses and other healthcare providers and/or contracted with the Defendants United States of America and U.S. Department of Veterans Affairs to provide medical and nursing services to persons seeking medical care, including the decedent, Michael Foster.

9        At all relevant times, Defendants VA New Jersey Health Care System, East Orange VA Campus Hospital and ABC Corps. 1-10 were acting by themselves and/or by and through its employees, servants, agents and/or ostensible agents including Defendants John W. Katz, M.D., James S. Donahoo, M.D., William F. Fallon, M.D., Richi Mehta, M.D., Aditya Sood, M.D., Vamsi V. Alli, M.D., Neil King, M.D., John Does 1-10 and Jane Does 1-10 and are responsible for their actions and/or inactions as detailed below.

10.      Plaintiff is asserting professional liability claims against Defendants United States of America, U.S. Department of Veterans Affairs, VA New Jersey Health Care System, East Orange VA Campus Hospital, John W. Katz, M.D., James S. Donahoo, M.D., William F. Fallon, M.D., Richi Mehta, M.D., Aditya Sood, M.D., Vamsi V. Alli, M.D., Neil King, M.D., John Does 1-10, Jane Does 1-10 and ABC Corps. 1-10.

11.      At all relevant times, the decedent, Michal Foster,  was under the medical and/or nursing care of all Defendants directly and/or indirectly by and through their employees, servants, agents, ostensible agents and or persons under the Defendants' direct control or right of control.  These persons include the named Defendants and other potential healthcare providers involved in the care of decedent, Michael Foster,

whose identities are presently known only to Defendants and who are represented by fictitious Defendants John Does 1-10, Jane Does 1-10 and ABC Corps. 1-10.

12.     At all relevant times, all Defendants involved in the care of decedent, Michael Foster, were engaged in the practice of medicine and/or respiratory care and/or nursing care pursuing their specialties and were obligated to utilize in the practice of their profession, the skill, knowledge and care they possessed in order to pursue their professions in accordance with patient safety rules and reasonably safe and accepted standards of medicine and/or respiratory care and/or nursing care in general and their specialties in particular.

13.     All Defendants undertook to provide healthcare related services to the decedent, Michael Foster, beginning with the decedent's, Michael Foster, presentation at Defendants VA New Jersey Health Care System, East Orange VA Campus Hospital, on June 24, 2013 for a right pneumonectomy.

14.     The decedent, Michael Foster, presented to Defendants VA New Jersey Health Care System, East Orange VA Campus Hospital, with a known medical history that included, among other things, hypertension, tobacco use, alcohol use and mild obstructive lung disorder.

15.     The decedent, Michael Foster, remained under the care of all the Defendants until his passing on June 26, 2013.

16.     The wrongful and untimely death and conscious pain and suffering suffered by the decedent, Michael Foster, were caused by the wrongful acts, negligence and carelessness of all the Defendants and their employees, servants, agents,

ostensible agents, subsidiaries and/or affiliates and were not caused or contributed to or by any act or omission on the part of the Plaintiff or decedent, Michael Foster.

## JURSIDICTION AND VENUE

17. This Court's jurisdiction is invoked pursuant to the Federal Tort Claims Act, 28 U.S.C.A §§1346(b) and 2674, as well as 28 U.S.C.A. §1367 and 28 U.S.C.A. §2675(a).

18. On or about October 31, 2014, Plaintiff served a Standard Form 95 Claim with the Department of Veterans Affairs.

19. Under cover letter dated December 8, 2014, the Department of Veterans Affairs, Office of Regional Counsel acknowledged receipt of Plaintiff's Standard Form 95 claim, and Mr. George Burns, Esq. advised that the SF-95 form must be signed by the claimant or his duly authorized agent. Furthermore, Mr. Burns advised that if the SF-95 form was executed by a duly authorized agent, evidence of authorization must be submitted with the claim form.

20. Under cover letter dated December 18, 2014, Plaintiff requested confirmation that Mr. George Burns, Esq. had subsequent to his December 8, 2014 letter received a signed SF-95 form, which satisfied any outstanding requirements to assert a formal claim.

21. Under cover letter dated February 9, 2015, Plaintiff received further confirmation from Mr. George Burns, Esq. that the Department of Veterans Affairs, Office of Regional Counsel had received an SF-95 form on December 10, 2014. Mr. Burns' letter, however, incorrectly recited a claimed damages amount of $500,000.00.

22.     Under cover letter dated March 9, 2015, Plaintiff informed Mr. George Burns, Esq. of the inaccurate recitation of Plaintiff's claimed damages, and Plaintiff reiterated that as stated in the SF-95 form Plaintiff was claiming damages in the amount of $5,000,000.00.

23.     Under cover letter dated March 31, 2015, Mr. George Burns, Esq. confirmed that Plaintiff's SF-95 form claimed damages in the amount of $5,000,000.00.

24.     Under cover letter dated May 11, 2015, Mr. George Burns, Esq. advised that the Department of Veterans Affairs, Office of Regional Counsel had performed an investigation into Plaintiff's allegations and the claim was denied.

25.     The amount in controversy exceeds $150,000 on each count exclusive of interest and costs.

27.     Venue in the District of New Jersey is proper under 28 U.S.C.A §1391 because the events or omissions giving this action occurred within the district.

### FACTUAL BACKGROUND

28.     On June 24, 2013, the decedent, Michael Foster, was admitted to Defendant East Orange VA Campus Hospital.

29.     On or about the same day, the decedent, Michael Foster, underwent a right pneumonectomy.

30.     Upon admission to the hospital on June 24, 2013, the decedent's, Michael Foster, medical history of hypertension, tobacco use, alcohol use and mild obstructive lung disorder was known to all Defendants.

31.     During the right pneumonectomy, an extended period of effort was required in order to obtain differential lung ventilation.

32.     After undergoing the right pneumonectomy, the decedent, Michael Foster, remained intubated post-operatively.

33.     Following the right pneumonectomy, the decedent, Michael Foster, was restless and difficult to keep sedated during the night following the procedure.

34.     During the first post-operative day, an attempt was made to wean the decedent, Michael Foster, from the ventilator but he appeared to fatigue and was intermittently tachycardic.

35.     During the first post-operative day, the decedent, Michael Foster, was restless, agitated and uncooperative, and the decedent, Michael Foster, was noted to be thrashing about trying to get out of his restraints.

36.     During the second post-operative day, the decedent, Michael Foster, had increasing restlessness, and he was extubated at 07:40.

37.     After the decedent, Michael Foster, was extubated, he began to manifest upper airway obstruction, and he continued in a state of restlessness and his tachycardia increased.

38.     At 09:25, the decedent, Michael Foster, desaturated to 88% and was placed on BiPAP FiO2 50%.

39.     At 11:15, the decedent's, Michael Foster, restraints were released.

40.     At 12:06 on the third post-operative day, the decedent, Michael Foster, experienced an acute desaturation episode, and his heart rated decreased to 39.

41.     Following the decedent's, Michael Foster, acute desaturation, a code was initiated.

42.     When the code team arrived, the decedent, Michael Foster, was in cardio-pulmonary arrest.

43.     After ACLS procedures were initiated and CPR administered, the code team pronounced the decedent, Michael Foster, dead at 12:55.

44.     An autopsy was performed on the decedent, Michael Foster.

45.     Among other findings, the autopsy report noted the presence of abundant muco-inflammatory secretion in the trachea and left bronchi associated with acute inflammation of bronchi and bronchioles, acute pulmonary congestion, microscopically.

46.     The immediate cause of death was considered to be due to a respiratory compromise secondary to the absence of the right lung, and abundant trachea-bronchial muco-inflammatory secretion.

47.     The decedent, Michael Foster, was at an increased risk of experiencing post-operative withdrawal symptoms due to his pre-existing alcohol and tobacco dependence.

48.     The decedent, Michael Foster, was at an increased risk of developing delirium tremens post-operatively.

49.     The decedent, Michael Foster, developed delirium tremens following his right pneumonectomy.

50.     The decedent, Michael Foster, was never diagnosed or treated for his post-operative delirium tremens.

51.     The decedent, Michael Foster, remained intubated post-operatively while he developed and suffered from delirium tremens.

52.      The decedent, Michael Foster, remained delirious throughout his post-operative course.

53.      The decedent, Michael Foster, received sedating agents post-operatively, such as fentanyl.

54.      In June 2013, Fentanyl was known in the medical community to be a powerful respiratory depressant.

55.      The decedent, Michael Foster, had marginal respiratory reserve post-operatively.

56.      The decedent's, Michael Foster, delirium precluded him to be able to follow commands or to protect his airway adequately.

57.      The decedent, Michael Foster, exhibited respiratory impairment immediately after he was extubated.

58.      The decedent, Michael Foster, required frequent suctioning post-extubation.

59.      After the decedent, Michael Foster, was placed on BiPAP post-extubation, his respiratory failure increased and worsened.

60.      The decedent, Michael Foster, decompensated slowly and over a period of several hours.

61.      After the decedent, Michael Foster, was extubated, he suffered with declining PO2 and increasing PCO2 levels.

62.      The decedent, Michael Foster, suffered with profound delirium from the DT's.

63.     The decedent's, Michael Foster, DT's caused him physical and emotional pain and suffering.

64.     The decedent, Michael Foster, required placement of a nasal trumpet airway post-operatively.

65.     The decedent, Michael Foster, experienced airway secretions post-operatively, which required suctioning.

66.     The decedent, Michael Foster, developed respiratory failure post-operatively, and he became hypercarbic and hypoxemic.

67.     The decedent, Michael Foster, experienced air hunger post-operatively.

<u>**COUNT I – NEGLIGENCE**</u>

<u>**V. UNITED STATES OF AMERICA**</u>

68.     The averments contained in the preceding paragraphs are incorporated herein by reference as though fully set forth at length.

69.     The negligence and carelessness of Defendant United States of America is based on the negligence of Defendants John W. Katz, M.D., James S. Donahoo, M.D., William F. Fallon, M.D., Richi Mehta, M.D., Aditya Sood, M.D., Vamsi V. Alli, M.D., Neil King, M.D., U.S. Department of Veterans Affairs, VA New Jersey Health Care System, East Orange Campus VA Hospital, John Does 1-10, Jane Does 1-10, ABC Corps. 1-10 its employees and consists of one or more of the following:

(a)     failing to recognize the decedent, Michael Foster, was at an increased risk of developing delirium tremens;

(b)     failing to implement appropriate preventative safety measure post-operatively to timely recognize the development of delirium tremens;

(c)      failing to consider delirium tremens as a potential post-operative diagnosis;

(d)      failing to timely diagnose decedent's, Michael Foster, delirium tremens;

(e)      failing to timely treat decedent's, Michael foster, delirium tremens;

(f)      extubating the decedent, Michael Foster, post-operatively while he experienced delirium tremens;

(g)      failing to recognize that the decedent, Michael Foster, was delirious throughout the post-operative period;

(h)      placing the decedent, Michael Foster, in physical restraints post-operatively while he was in a delirious state;

(i)      failing to anticipate and recognize that the decedent, Michael Foster, was at an increased risk of suffering with respiratory failure;

(j)      failing to timely diagnose and treat the decedent's, Michael Foster, respiratory failure;

(k)      failing to recognize that sedating agents, such as fentanyl, are powerful respiratory depressants that would increase the risk of the decedent, Michael Foster, developing respiratory failure;

(l)      failing to recognize that the decedent, Michael Foster, had marginal respiratory reserve post-operatively;

(m)      ordering and administering narcotic sedation to the decedent, Michael Foster, after he was extubated;

(n)     failing to anticipate and recognize that the decedent, Michael Foster, was not able to follow commands;

(o)     failing to anticipate and recognize that the decedent, Michael Foster, was not able to protect his airway adequately post-operatively;

(p)     ordering and extubating the decedent, Michael Foster, in the presence of significant delirium;

(q)     failing to timely diagnose and treat the decedent's, Michael Foster, respiratory impairment upon extubation;

(r)     failure to secure the patency of the decedent's, Michael Foster, upper airway following extubation;

(s)     failing to timely diagnose and treat the decedent's, Michael Foster, acute nonspecific bronchitis and bronchiolitis;

(t)     failing to timely diagnose and treat the decedent's, Michael Foster, abundant muco-inflammatory secretion;

(u)     failing to properly and adequately monitor the decedent's, Michael Foster, airway post-extubation;

(v)     failing to properly and adequately suction the decedent's, Michael Foster, airway post-extubation;

(w)     ordering and extubating the decedent, Michael Foster, in the presence of abundant airway secretions and acute inflammatory diseases of the upper airway and lungs;

(x)     failing to properly and adequately monitor the decedent's, Michael Foster, arterial blood gas levels;

(y)     failing to timely diagnose and treat the decedent's, Michael Foster, decrease in his pH;

(z)     failing to timely diagnose and treat the decedent's, Michael Foster, increase in PCO2;

(aa)    failing to timely diagnose and treat the decedent's, Michael Foster, decrease in PO2;

(bb)    failing to recognize and appreciate the decedent, Michael Foster, was incapable of maintaining adequate gas exchange off mechanical ventilation;

(cc)    failing to recognize and appreciate that the decedent, Michael Foster, required re-intubation;

(dd)    failing to timely re-intubate the decedent, Michael Foster, following extubation;

(ee)    failing to timely re-intubate the decedent, Michael Foster, and prevent him from suffering a cardio-pulmonary arrest and death;

(ff)    failing to timely intervene and treat the decedent's, Michael Foster, respiratory inadequacy and prevent him from suffering a cardio-pulmonary arrest and death;

(gg)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering leading up to and at the time of his death;

(hh)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering from his delirium tremens, including vivid and terrifying halucinations;

(ii)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering while having a nasal trumpet airway placed;

(jj)     the decedent, Michael Foster, experienced severe physical conscious pain and suffering due to an abundant amount of airway secretions;

(kk)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering when he suffered respiratory failure;

(ll)     the decedent, Michael Foster, experienced severe physical conscious pain and suffering when he suffered with air hunger;

(mm)  the Defendants' deviations from accepted standards of care and patient safety rules were a direct and proximate cause for the decedent's, Michael Foster, cardio-pulmonary arrest and untimely death; and

(nn) the Defendants' deviations from accepted standards of care and patient safety rules were a direct and proximate cause of the decedent, Michael Foster, experiencing severe physical conscious pain and suffering.

70.      The negligence of the Defendant United States of America was a substantial and contributing factor in causing decedent's, Michael Foster, injuries and damages,

WHEREFORE, Plaintiffs hereby demand judgment in their favor and against Defendant United States of America, jointly and severally, in a sum in excess of the jurisdictional limits for arbitration, together within interest and costs.

## COUNT II – NEGLIGENCE

## V. U.S. DEPARTMENT OF VETERANS AFFAIRS

71.      The averments contained in the preceding paragraphs are incorporated herein by reference as though fully set forth at length.

72.         The negligence and carelessness of Defendant U.S. Department of Veterans Affairs is based on the negligence of Defendants John W. Katz, M.D., James S. Donahoo, M.D., William F. Fallon, M.D., Richi Mehta, M.D., Aditya Sood, M.D., Vamsi V. Alli, M.D., Neil King, M.D., VA New Jersey Health Care System, East Orange Campus VA Hospital, John Does 1-10, Jane Does 1-10, ABC Corps. 1-10 its employees and consists of one or more of the following:

(a)     failing to recognize the decedent, Michael Foster, was at an increased risk of developing delirium tremens;

(b)     failing to implement appropriate preventative safety measure post-operatively to timely recognize the development of delirium tremens;

(c)     failing to consider delirium tremens as a potential post-operative diagnosis;

(d)     failing to timely diagnose decedent's, Michael Foster, delirium tremens;

(e)     failing to timely treat decedent's, Michael foster, delirium tremens;

(f)     extubating the decedent, Michael Foster, post-operatively while he experienced delirium tremens;

(g)     failing to recognize that the decedent, Michael Foster, was delirious throughout the post-operative period;

(h)     placing the decedent, Michael Foster, in physical restraints post-operatively while he was in a delirious state;

(i)     failing to anticipate and recognize that the decedent, Michael Foster, was at an increased risk of suffering with respiratory failure;

(j)      failing to timely diagnose and treat the decedent's, Michael Foster, respiratory failure;

(k)      failing to recognize that sedating agents, such as fentanyl, are powerful respiratory depressants that would increase the risk of the decedent, Michael Foster, developing respiratory failure;

(l)      failing to recognize that the decedent, Michael Foster, had marginal respiratory reserve post-operatively;

(m)      ordering and administering narcotic sedation to the decedent, Michael Foster, after he was extubated;

(n)      failing to anticipate and recognize that the decedent, Michael Foster, was not able to follow commands;

(o)      failing to anticipate and recognize that the decedent, Michael Foster, was not able to protect his airway adequately post-operatively;

(p)      ordering and extubating the decedent, Michael Foster, in the presence of significant delirium;

(q)      failing to timely diagnose and treat the decedent's, Michael Foster, respiratory impairment upon extubation;

(r)      failure to secure the patency of the decedent's, Michael Foster, upper airway following extubation;

(s)      failing to timely diagnose and treat the decedent's, Michael Foster, acute nonspecific bronchitis and bronchiolitis;

(t)      failing to timely diagnose and treat the decedent's, Michael Foster, abundant muco-inflammatory secretion;

(u)     failing to properly and adequately monitor the decedent's, Michael Foster, airway post-extubation;

(v)     failing to properly and adequately suction the decedent's, Michael Foster, airway post-extubation;

(w)     ordering and extubating the decedent, Michael Foster, in the presence of abundant airway secretions and acute inflammatory diseases of the upper airway and lungs;

(x)     failing to properly and adequately monitor the decedent's, Michael Foster, arterial blood gas levels;

(y)     failing to timely diagnose and treat the decedent's, Michael Foster, decrease in his pH;

(z)     failing to timely diagnose and treat the decedent's, Michael Foster, increase in PCO2;

(aa)    failing to timely diagnose and treat the decedent's, Michael Foster, decrease in PO2;

(bb)    failing to recognize and appreciate the decedent, Michael Foster, was incapable of maintaining adequate gas exchange off mechanical ventilation;

(cc)    failing to recognize and appreciate that the decedent, Michael Foster, required re-intubation;

(dd)    failing to timely re-intubate the decedent, Michael Foster, following extubation;

(ee)    failing to timely re-intubate the decedent, Michael Foster, and prevent him from suffering a cardio-pulmonary arrest and death;

(ff)     failing to timely intervene and treat the decedent's, Michael Foster, respiratory inadequacy and prevent him from suffering a cardio-pulmonary arrest and death;

(gg)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering leading up to and at the time of his death;

(hh)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering from his delirium tremens, including vivid and terrifying halucinations;

(ii)     the decedent, Michael Foster, experienced severe physical conscious pain and suffering while having a nasal trumpet airway placed;

(jj)     the decedent, Michael Foster, experienced severe physical conscious pain and suffering due to an abundant amount of airway secretions;

(kk)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering when he suffered respiratory failure;

(ll)     the decedent, Michael Foster, experienced severe physical conscious pain and suffering when he suffered with air hunger;

(mm)  the Defendants' deviations from accepted standards of care and patient safety rules were a direct and proximate cause for the decedent's, Michael Foster, cardio-pulmonary arrest and untimely death; and

(nn) the Defendants' deviations from accepted standards of care and patient safety rules were a direct and proximate cause of the decedent, Michael Foster, experiencing severe physical conscious pain and suffering.

73.     The negligence of Defendant U.S. Department of Veterans Affairs was a substantial and contributing factor in causing decedent's, Michael Foster, injuries and damages.

74.     Defendant U.S. Department of Veterans Affairs is vicariously liable for the acts and/or omissions of Defendants John W. Katz, M.D., James S. Donahoo, M.D., William F. Fallon, M.D., Richi Mehta, M.D., Aditya Sood, M.D., Vamsi V. Alli, M.D., Neil King, M.D., VA New Jersey Health Care System, East Orange Campus VA Hospital, their employees, servants, agents and/or ostensible agents.

WHEREFORE, Plaintiffs, hereby demand judgment in their favor against Defendant U.S. Department of Veterans Affairs, jointly and severally, in a sum in excess of the jurisdictional limits for arbitration, together interest and costs.

## COUNT III-NEGLIGENCE

## V. VA NEW JERSEY HEALTH CARE SYSTEM

75.     The averments contained in the preceding paragraphs are incorporated herein by reference as though fully set forth at length.

76.     The negligence and carelessness of Defendant VA New Jersey Health Care System is based on the negligence of Defendants John W. Katz, M.D., James S. Donahoo, M.D., William F. Fallon, M.D., Richi Mehta, M.D., Aditya Sood, M.D., Vamsi V. Alli, M.D., Neil King, M.D., VA New Jersey Health Care System, East Orange Campus VA Hospital, John Does 1-10, Jane Does 1-10, ABC Corps. 1-10 its employees and consists of one or more of the following:

(a)     failing to recognize the decedent, Michael Foster, was at an increased risk of developing delirium tremens;

(b)      failing to implement appropriate preventative safety measure post-operatively to timely recognize the development of delirium tremens;

(c)      failing to consider delirium tremens as a potential post-operative diagnosis;

(d)      failing to timely diagnose decedent's, Michael Foster, delirium tremens;

(e)      failing to timely treat decedent's, Michael foster, delirium tremens;

(f)      extubating the decedent, Michael Foster, post-operatively while he experienced delirium tremens;

(g)      failing to recognize that the decedent, Michael Foster, was delirious throughout the post-operative period;

(h)      placing the decedent, Michael Foster, in physical restraints post-operatively while he was in a delirious state;

(i)      failing to anticipate and recognize that the decedent, Michael Foster, was at an increased risk of suffering with respiratory failure;

(j)      failing to timely diagnose and treat the decedent's, Michael Foster, respiratory failure;

(k)      failing to recognize that sedating agents, such as fentanyl, are powerful respiratory depressants that would increase the risk of the decedent, Michael Foster, developing respiratory failure;

(l)      failing to recognize that the decedent, Michael Foster, had marginal respiratory reserve post-operatively;

(m)     ordering and administering narcotic sedation to the decedent, Michael Foster, after he was extubated;

(n)     failing to anticipate and recognize that the decedent, Michael Foster, was not able to follow commands;

(o)     failing to anticipate and recognize that the decedent, Michael Foster, was not able to protect his airway adequately post-operatively;

(p)     ordering and extubating the decedent, Michael Foster, in the presence of significant delirium;

(q)     failing to timely diagnose and treat the decedent's, Michael Foster, respiratory impairment upon extubation;

(r)     failure to secure the patency of the decedent's, Michael Foster, upper airway following extubation;

(s)     failing to timely diagnose and treat the decedent's, Michael Foster, acute nonspecific bronchitis and bronchiolitis;

(t)     failing to timely diagnose and treat the decedent's, Michael Foster, abundant muco-inflammatory secretion;

(u)     failing to properly and adequately monitor the decedent's, Michael Foster, airway post-extubation;

(v)     failing to properly and adequately suction the decedent's, Michael Foster, airway post-extubation;

(w)     ordering and extubating the decedent, Michael Foster, in the presence of abundant airway secretions and acute inflammatory diseases of the upper airway and lungs;

(x)     failing to properly and adequately monitor the decedent's, Michael Foster, arterial blood gas levels;

(y)     failing to timely diagnose and treat the decedent's, Michael Foster, decrease in his pH;

(z)     failing to timely diagnose and treat the decedent's, Michael Foster, increase in PCO2;

(aa)    failing to timely diagnose and treat the decedent's, Michael Foster, decrease in PO2;

(bb)    failing to recognize and appreciate the decedent, Michael Foster, was incapable of maintaining adequate gas exchange off mechanical ventilation;

(cc)    failing to recognize and appreciate that the decedent, Michael Foster, required re-intubation;

(dd)    failing to timely re-intubate the decedent, Michael Foster, following extubation;

(ee)    failing to timely re-intubate the decedent, Michael Foster, and prevent him from suffering a cardio-pulmonary arrest and death;

(ff)    failing to timely intervene and treat the decedent's, Michael Foster, respiratory inadequacy and prevent him from suffering a cardio-pulmonary arrest and death;

(gg)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering leading up to and at the time of his death;

(hh)   the decedent, Michael Foster, experienced severe physical conscious pain and suffering from his delirium tremens, including vivid and terrifying halucinations;

(ii)   the decedent, Michael Foster, experienced severe physical conscious pain and suffering while having a nasal trumpet airway placed;

(jj)   the decedent, Michael Foster, experienced severe physical conscious pain and suffering due to an abundant amount of airway secretions;

(kk)   the decedent, Michael Foster, experienced severe physical conscious pain and suffering when he suffered respiratory failure;

(ll)   the decedent, Michael Foster, experienced severe physical conscious pain and suffering when he suffered with air hunger;

(mm)  the Defendants' deviations from accepted standards of care and patient safety rules were a direct and proximate cause for the decedent's, Michael Foster, cardio-pulmonary arrest and untimely death; and

(nn) the Defendants' deviations from accepted standards of care and patient safety rules were a direct and proximate cause of the decedent, Michael Foster, experiencing severe physical conscious pain and suffering.

77.      The negligence of Defendant VA New Jersey Health Care System was a substantial and contributing factor in causing decedent's, Michael Foster, injuries and damages.

78.      Defendant VA New Jersey Health Care System is vicariously liable for the acts and/or omissions of Defendants John W. Katz, M.D., James S. Donahoo, M.D., William F. Fallon, M.D., Richi Mehta, M.D., Aditya Sood, M.D., Vamsi V. Alli, M.D., Neil

King, M.D., East Orange Campus VA Hospital, their employees, servants, agents and/or ostensible agents.

WHEREFORE, Plaintiffs, hereby demand judgment in their favor and against Defendant VA New Jersey Health Care System jointly and severally, in a sum in excess of the jurisdictional limits for arbitration, together with interest and costs.

## COUNT IV-NEGLIGENCE

## V. EAST ORANGE CAMPUS VA HOSPITAL

79.     The averments contained in the preceding paragraphs are incorporated herein by reference as though fully set forth at length.

80.     The negligence and carelessness of Defendant East Orange Campus VA Hospital is based on the negligence of Defendants John W. Katz, M.D., James S. Donahoo, M.D., William F. Fallon, M.D., Richi Mehta, M.D., Aditya Sood, M.D., Vamsi V. Alli, M.D., Neil King, M.D., VA New Jersey Health Care System, East Orange Campus VA Hospital, John Does 1-10, Jane Does 1-10, ABC Corps. 1-10 its employees and consists of one or more of the following:

(a)     failing to recognize the decedent, Michael Foster, was at an increased risk of developing delirium tremens;

(b)     failing to implement appropriate preventative safety measure post-operatively to timely recognize the development of delirium tremens;

(c)     failing to consider delirium tremens as a potential post-operative diagnosis;

(d)     failing to timely diagnose decedent's, Michael Foster, delirium tremens;

(e)      failing to timely treat decedent's, Michael foster, delirium tremens;

(f)      extubating the decedent, Michael Foster, post-operatively while he experienced delirium tremens;

(g)      failing to recognize that the decedent, Michael Foster, was delirious throughout the post-operative period;

(h)      placing the decedent, Michael Foster, in physical restraints post-operatively while he was in a delirious state;

(i)      failing to anticipate and recognize that the decedent, Michael Foster, was at an increased risk of suffering with respiratory failure;

(j)      failing to timely diagnose and treat the decedent's, Michael Foster, respiratory failure;

(k)      failing to recognize that sedating agents, such as fentanyl, are powerful respiratory depressants that would increase the risk of the decedent, Michael Foster, developing respiratory failure;

(l)      failing to recognize that the decedent, Michael Foster, had marginal respiratory reserve post-operatively;

(m)      ordering and administering narcotic sedation to the decedent, Michael Foster, after he was extubated;

(n)      failing to anticipate and recognize that the decedent, Michael Foster, was not able to follow commands;

(o)      failing to anticipate and recognize that the decedent, Michael Foster, was not able to protect his airway adequately post-operatively;

(p)     ordering and extubating the decedent, Michael Foster, in the presence of significant delirium;

(q)     failing to timely diagnose and treat the decedent's, Michael Foster, respiratory impairment upon extubation;

(r)     failure to secure the patency of the decedent's, Michael Foster, upper airway following extubation;

(s)     failing to timely diagnose and treat the decedent's, Michael Foster, acute nonspecific bronchitis and bronchiolitis;

(t)     failing to timely diagnose and treat the decedent's, Michael Foster, abundant muco-inflammatory secretion;

(u)     failing to properly and adequately monitor the decedent's, Michael Foster, airway post-extubation;

(v)     failing to properly and adequately suction the decedent's, Michael Foster, airway post-extubation;

(w)     ordering and extubating the decedent, Michael Foster, in the presence of abundant airway secretions and acute inflammatory diseases of the upper airway and lungs;

(x)     failing to properly and adequately monitor the decedent's, Michael Foster, arterial blood gas levels;

(y)     failing to timely diagnose and treat the decedent's, Michael Foster, decrease in his pH;

(z)     failing to timely diagnose and treat the decedent's, Michael Foster, increase in PCO2;

(aa)     failing to timely diagnose and treat the decedent's, Michael Foster, decrease in PO2;

(bb)     failing to recognize and appreciate the decedent, Michael Foster, was incapable of maintaining adequate gas exchange off mechanical ventilation;

(cc)     failing to recognize and appreciate that the decedent, Michael Foster, required re-intubation;

(dd)     failing to timely re-intubate the decedent, Michael Foster, following extubation;

(ee)     failing to timely re-intubate the decedent, Michael Foster, and prevent him from suffering a cardio-pulmonary arrest and death;

(ff)     failing to timely intervene and treat the decedent's, Michael Foster, respiratory inadequacy and prevent him from suffering a cardio-pulmonary arrest and death;

(gg)     the decedent, Michael Foster, experienced severe physical conscious pain and suffering leading up to and at the time of his death;

(hh)     the decedent, Michael Foster, experienced severe physical conscious pain and suffering from his delirium tremens, including vivid and terrifying halucinations;

(ii)     the decedent, Michael Foster, experienced severe physical conscious pain and suffering while having a nasal trumpet airway placed;

(jj)     the decedent, Michael Foster, experienced severe physical conscious pain and suffering due to an abundant amount of airway secretions;

(kk)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering when he suffered respiratory failure;

(ll)     the decedent, Michael Foster, experienced severe physical conscious pain and suffering when he suffered with air hunger;

(mm)  the Defendants' deviations from accepted standards of care and patient safety rules were a direct and proximate cause for the decedent's, Michael Foster, cardio-pulmonary arrest and untimely death; and

(nn) the Defendants' deviations from accepted standards of care and patient safety rules were a direct and proximate cause of the decedent, Michael Foster, experiencing severe physical conscious pain and suffering.

81.     The negligence of Defendant East Orange Campus VA Hospital was a substantial and contributing factor in causing decedent's, Michael Foster, injuries and damages.

82.     Defendant East Orange Campus VA Hospital is vicariously liable for the acts and/or omissions of Defendants John W. Katz, M.D., James S. Donahoo, M.D., William F. Fallon, M.D., Richi Mehta, M.D., Aditya Sood, M.D., Vamsi V. Alli, M.D., Neil King, M.D., their employees, servants, agents and/or ostensible agents.

WHEREFORE, Plaintiffs, hereby demand judgment in their favor and against Defendant East Orange Campus VA Hospital jointly and severally, in a sum in excess of the jurisdictional limits for arbitration, together with interest and costs.

## COUNT V-NEGLIGENCE

## V. JOHN W. KATZ, M.D.

83.        The averments contained in the preceding paragraphs are incorporated herein by reference as though fully set forth at length.

84.        The negligence of and carelessness of Defendant John W. Katz, M.D. consists of one or more of the following:

(a)        failing to recognize the decedent, Michael Foster, was at an increased risk of developing delirium tremens;

(b)        failing to implement appropriate preventative safety measure post-operatively to timely recognize the development of delirium tremens;

(c)        failing to consider delirium tremens as a potential post-operative diagnosis;

(d)        failing to timely diagnose decedent's, Michael Foster, delirium tremens;

(e)        failing to timely treat decedent's, Michael foster, delirium tremens;

(f)        extubating the decedent, Michael Foster, post-operatively while he experienced delirium tremens;

(g)        failing to recognize that the decedent, Michael Foster, was delirious throughout the post-operative period;

(h)        placing the decedent, Michael Foster, in physical restraints post-operatively while he was in a delirious state;

(i)        failing to anticipate and recognize that the decedent, Michael Foster, was at an increased risk of suffering with respiratory failure;

(j)     failing to timely diagnose and treat the decedent's, Michael Foster, respiratory failure;

(k)     failing to recognize that sedating agents, such as fentanyl, are powerful respiratory depressants that would increase the risk of the decedent, Michael Foster, developing respiratory failure;

(l)     failing to recognize that the decedent, Michael Foster, had marginal respiratory reserve post-operatively;

(m)     ordering and administering narcotic sedation to the decedent, Michael Foster, after he was extubated;

(n)     failing to anticipate and recognize that the decedent, Michael Foster, was not able to follow commands;

(o)     failing to anticipate and recognize that the decedent, Michael Foster, was not able to protect his airway adequately post-operatively;

(p)     ordering and extubating the decedent, Michael Foster, in the presence of significant delirium;

(q)     failing to timely diagnose and treat the decedent's, Michael Foster, respiratory impairment upon extubation;

(r)     failure to secure the patency of the decedent's, Michael Foster, upper airway following extubation;

(s)     failing to timely diagnose and treat the decedent's, Michael Foster, acute nonspecific bronchitis and bronchiolitis;

(t)     failing to timely diagnose and treat the decedent's, Michael Foster, abundant muco-inflammatory secretion;

       (u)    failing to properly and adequately monitor the decedent's, Michael Foster, airway post-extubation;

       (v)    failing to properly and adequately suction the decedent's, Michael Foster, airway post-extubation;

       (w)    ordering and extubating the decedent, Michael Foster, in the presence of abundant airway secretions and acute inflammatory diseases of the upper airway and lungs;

       (x)    failing to properly and adequately monitor the decedent's, Michael Foster, arterial blood gas levels;

       (y)    failing to timely diagnose and treat the decedent's, Michael Foster, decrease in his pH;

       (z)    failing to timely diagnose and treat the decedent's, Michael Foster, increase in PCO2;

       (aa)    failing to timely diagnose and treat the decedent's, Michael Foster, decrease in PO2;

       (bb)    failing to recognize and appreciate the decedent, Michael Foster, was incapable of maintaining adequate gas exchange off mechanical ventilation;

       (cc)    failing to recognize and appreciate that the decedent, Michael Foster, required re-intubation;

       (dd)    failing to timely re-intubate the decedent, Michael Foster, following extubation;

       (ee)    failing to timely re-intubate the decedent, Michael Foster, and prevent him from suffering a cardio-pulmonary arrest and death;

(ff)    failing to timely intervene and treat the decedent's, Michael Foster, respiratory inadequacy and prevent him from suffering a cardio-pulmonary arrest and death;

(gg)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering leading up to and at the time of his death;

(hh)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering from his delirium tremens, including vivid and terrifying halucinations;

(ii)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering while having a nasal trumpet airway placed;

(jj)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering due to an abundant amount of airway secretions;

(kk)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering when he suffered respiratory failure;

(ll)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering when he suffered with air hunger;

(mm)  the Defendants' deviations from accepted standards of care and patient safety rules were a direct and proximate cause for the decedent's, Michael Foster, cardio-pulmonary arrest and untimely death; and

(nn) the Defendants' deviations from accepted standards of care and patient safety rules were a direct and proximate cause of the decedent, Michael Foster, experiencing severe physical conscious pain and suffering.

85.     The negligence of Defendant John W. Katz, M.D. was a substantial and contributing factor in causing decedent's, Michael Foster, injuries and damages.

86.     Defendant John W. Katz, M.D. is vicariously liable for the acts and/or omissions of all other Defendants, their employees, servants, agents and/or ostensible agents.

WHEREFORE, Plaintiffs, hereby demand judgment in their favor and against Defendant John W. Katz, M.D. jointly and severally, in a sum in excess of the jurisdictional limits for arbitration, together with interest and costs.

## COUNT VI-NEGLIGENCE

## V. JAMES S. DONAHOO, M.D.

87.     The averments contained in the preceding paragraphs are incorporated herein by reference as though fully set forth at length.

88.     The negligence of and carelessness of Defendant James S. Donahoo, M.D. consists of one or more of the following:

(a)     failing to recognize the decedent, Michael Foster, was at an increased risk of developing delirium tremens;

(b)     failing to implement appropriate preventative safety measure post-operatively to timely recognize the development of delirium tremens;

(c)     failing to consider delirium tremens as a potential post-operative diagnosis;

(d)     failing to timely diagnose decedent's, Michael Foster, delirium tremens;

(e)     failing to timely treat decedent's, Michael foster, delirium tremens;

(f)     extubating the decedent, Michael Foster, post-operatively while he experienced delirium tremens;

(g)     failing to recognize that the decedent, Michael Foster, was delirious throughout the post-operative period;

(h)     placing the decedent, Michael Foster, in physical restraints post-operatively while he was in a delirious state;

(i)     failing to anticipate and recognize that the decedent, Michael Foster, was at an increased risk of suffering with respiratory failure;

(j)     failing to timely diagnose and treat the decedent's, Michael Foster, respiratory failure;

(k)     failing to recognize that sedating agents, such as fentanyl, are powerful respiratory depressants that would increase the risk of the decedent, Michael Foster, developing respiratory failure;

(l)     failing to recognize that the decedent, Michael Foster, had marginal respiratory reserve post-operatively;

(m)     ordering and administering narcotic sedation to the decedent, Michael Foster, after he was extubated;

(n)     failing to anticipate and recognize that the decedent, Michael Foster, was not able to follow commands;

(o)     failing to anticipate and recognize that the decedent, Michael Foster, was not able to protect his airway adequately post-operatively;

(p)     ordering and extubating the decedent, Michael Foster, in the presence of significant delirium;

(q)     failing to timely diagnose and treat the decedent's, Michael Foster, respiratory impairment upon extubation;

(r)     failure to secure the patency of the decedent's, Michael Foster, upper airway following extubation;

(s)     failing to timely diagnose and treat the decedent's, Michael Foster, acute nonspecific bronchitis and bronchiolitis;

(t)     failing to timely diagnose and treat the decedent's, Michael Foster, abundant muco-inflammatory secretion;

(u)     failing to properly and adequately monitor the decedent's, Michael Foster, airway post-extubation;

(v)     failing to properly and adequately suction the decedent's, Michael Foster, airway post-extubation;

(w)     ordering and extubating the decedent, Michael Foster, in the presence of abundant airway secretions and acute inflammatory diseases of the upper airway and lungs;

(x)     failing to properly and adequately monitor the decedent's, Michael Foster, arterial blood gas levels;

(y)     failing to timely diagnose and treat the decedent's, Michael Foster, decrease in his pH;

(z)     failing to timely diagnose and treat the decedent's, Michael Foster, increase in PCO2;

(aa)    failing to timely diagnose and treat the decedent's, Michael Foster, decrease in PO2;

(bb)    failing to recognize and appreciate the decedent, Michael Foster, was incapable of maintaining adequate gas exchange off mechanical ventilation;

(cc)    failing to recognize and appreciate that the decedent, Michael Foster, required re-intubation;

(dd)    failing to timely re-intubate the decedent, Michael Foster, following extubation;

(ee)    failing to timely re-intubate the decedent, Michael Foster, and prevent him from suffering a cardio-pulmonary arrest and death;

(ff)    failing to timely intervene and treat the decedent's, Michael Foster, respiratory inadequacy and prevent him from suffering a cardio-pulmonary arrest and death;

(gg)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering leading up to and at the time of his death;

(hh)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering from his delirium tremens, including vivid and terrifying halucinations;

(ii)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering while having a nasal trumpet airway placed;

(jj)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering due to an abundant amount of airway secretions;

(kk)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering when he suffered respiratory failure;

(ll)     the decedent, Michael Foster, experienced severe physical conscious pain and suffering when he suffered with air hunger;

(mm)  the Defendants' deviations from accepted standards of care and patient safety rules were a direct and proximate cause for the decedent's, Michael Foster, cardio-pulmonary arrest and untimely death; and

(nn) the Defendants' deviations from accepted standards of care and patient safety rules were a direct and proximate cause of the decedent, Michael Foster, experiencing severe physical conscious pain and suffering.

89.     The negligence of Defendant James S. Donahoo, M.D. was a substantial and contributing factor in causing decedent's, Michael Foster, injuries and damages.

90.     Defendant James S. Donahoo, M.D. is vicariously liable for the acts and/or omissions of all other Defendants, their employees, servants, agents and/or ostensible agents.

WHEREFORE, Plaintiffs, hereby demand judgment in their favor and against Defendant James S. Donahoo, M.D. jointly and severally, in a sum in excess of the jurisdictional limits for arbitration, together with interest and costs.

### COUNT VII-NEGLIGENCE

### V. WILLIAM F. FALLON, M.D.

91.     The averments contained in the preceding paragraphs are incorporated herein by reference as though fully set forth at length.

92.     The negligence of and carelessness of Defendant William F. Fallon, M.D. consists of one or more of the following:

(a)     failing to recognize the decedent, Michael Foster, was at an

increased risk of developing delirium tremens;

(b)     failing to implement appropriate preventative safety measure post-operatively to timely recognize the development of delirium tremens;

(c)     failing to consider delirium tremens as a potential post-operative diagnosis;

(d)     failing to timely diagnose decedent's, Michael Foster, delirium tremens;

(e)     failing to timely treat decedent's, Michael foster, delirium tremens;

(f)     extubating the decedent, Michael Foster, post-operatively while he experienced delirium tremens;

(g)     failing to recognize that the decedent, Michael Foster, was delirious throughout the post-operative period;

(h)     placing the decedent, Michael Foster, in physical restraints post-operatively while he was in a delirious state;

(i)     failing to anticipate and recognize that the decedent, Michael Foster, was at an increased risk of suffering with respiratory failure;

(j)     failing to timely diagnose and treat the decedent's, Michael Foster, respiratory failure;

(k)     failing to recognize that sedating agents, such as fentanyl, are powerful respiratory depressants that would increase the risk of the decedent, Michael Foster, developing respiratory failure;

(l)     failing to recognize that the decedent, Michael Foster, had marginal respiratory reserve post-operatively;

(m)    ordering and administering narcotic sedation to the decedent, Michael Foster, after he was extubated;

(n)    failing to anticipate and recognize that the decedent, Michael Foster, was not able to follow commands;

(o)    failing to anticipate and recognize that the decedent, Michael Foster, was not able to protect his airway adequately post-operatively;

(p)    ordering and extubating the decedent, Michael Foster, in the presence of significant delirium;

(q)    failing to timely diagnose and treat the decedent's, Michael Foster, respiratory impairment upon extubation;

(r)    failure to secure the patency of the decedent's, Michael Foster, upper airway following extubation;

(s)    failing to timely diagnose and treat the decedent's, Michael Foster, acute nonspecific bronchitis and bronchiolitis;

(t)    failing to timely diagnose and treat the decedent's, Michael Foster, abundant muco-inflammatory secretion;

(u)    failing to properly and adequately monitor the decedent's, Michael Foster, airway post-extubation;

(v)    failing to properly and adequately suction the decedent's, Michael Foster, airway post-extubation;

(w)    ordering and extubating the decedent, Michael Foster, in the presence of abundant airway secretions and acute inflammatory diseases of the upper airway and lungs;

(x)    failing to properly and adequately monitor the decedent's, Michael Foster, arterial blood gas levels;

(y)    failing to timely diagnose and treat the decedent's, Michael Foster, decrease in his pH;

(z)    failing to timely diagnose and treat the decedent's, Michael Foster, increase in PCO2;

(aa)    failing to timely diagnose and treat the decedent's, Michael Foster, decrease in PO2;

(bb)    failing to recognize and appreciate the decedent, Michael Foster, was incapable of maintaining adequate gas exchange off mechanical ventilation;

(cc)    failing to recognize and appreciate that the decedent, Michael Foster, required re-intubation;

(dd)    failing to timely re-intubate the decedent, Michael Foster, following extubation;

(ee)    failing to timely re-intubate the decedent, Michael Foster, and prevent him from suffering a cardio-pulmonary arrest and death;

(ff)    failing to timely intervene and treat the decedent's, Michael Foster, respiratory inadequacy and prevent him from suffering a cardio-pulmonary arrest and death;

(gg)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering leading up to and at the time of his death;

(hh)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering from his delirium tremens, including vivid and terrifying halucinations;

(ii)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering while having a nasal trumpet airway placed;

(jj)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering due to an abundant amount of airway secretions;

(kk)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering when he suffered respiratory failure;

(ll)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering when he suffered with air hunger;

(mm)  the Defendants' deviations from accepted standards of care and patient safety rules were a direct and proximate cause for the decedent's, Michael Foster, cardio-pulmonary arrest and untimely death; and

(nn) the Defendants' deviations from accepted standards of care and patient safety rules were a direct and proximate cause of the decedent, Michael Foster, experiencing severe physical conscious pain and suffering.

93.    The negligence of Defendant William F. Fallon, M.D. was a substantial and contributing factor in causing decedent's, Michael Foster, injuries and damages.

94.    Defendant William F. Fallon, M.D. is vicariously liable for the acts and/or omissions of all other Defendants, their employees, servants, agents and/or ostensible agents.

WHEREFORE, Plaintiffs, hereby demand judgment in their favor and against Defendant William F. Fallon, M.D. jointly and severally, in a sum in excess of the jurisdictional limits for arbitration, together with interest and costs.

## COUNT VIII-NEGLIGENCE

## V. RICHI MEHTA, M.D.

95.      The averments contained in the preceding paragraphs are incorporated herein by reference as though fully set forth at length.

96.      The negligence of and carelessness of Defendant Richi Mehta, M.D. consists of one or more of the following:

(a)   failing to recognize the decedent, Michael Foster, was at an increased risk of developing delirium tremens;

(b)   failing to implement appropriate preventative safety measure post-operatively to timely recognize the development of delirium tremens;

(c)   failing to consider delirium tremens as a potential post-operative diagnosis;

(d)   failing to timely diagnose decedent's, Michael Foster, delirium tremens;

(e)   failing to timely treat decedent's, Michael foster, delirium tremens;

(f)   extubating the decedent, Michael Foster, post-operatively while he experienced delirium tremens;

(g)   failing to recognize that the decedent, Michael Foster, was delirious throughout the post-operative period;

(h)    placing the decedent, Michael Foster, in physical restraints post-operatively while he was in a delirious state;

(i)    failing to anticipate and recognize that the decedent, Michael Foster, was at an increased risk of suffering with respiratory failure;

(j)    failing to timely diagnose and treat the decedent's, Michael Foster, respiratory failure;

(k)    failing to recognize that sedating agents, such as fentanyl, are powerful respiratory depressants that would increase the risk of the decedent, Michael Foster, developing respiratory failure;

(l)    failing to recognize that the decedent, Michael Foster, had marginal respiratory reserve post-operatively;

(m)    ordering and administering narcotic sedation to the decedent, Michael Foster, after he was extubated;

(n)    failing to anticipate and recognize that the decedent, Michael Foster, was not able to follow commands;

(o)    failing to anticipate and recognize that the decedent, Michael Foster, was not able to protect his airway adequately post-operatively;

(p)    ordering and extubating the decedent, Michael Foster, in the presence of significant delirium;

(q)    failing to timely diagnose and treat the decedent's, Michael Foster, respiratory impairment upon extubation;

(r)    failure to secure the patency of the decedent's, Michael Foster, upper airway following extubation;

(s)     failing to timely diagnose and treat the decedent's, Michael Foster, acute nonspecific bronchitis and bronchiolitis;

(t)     failing to timely diagnose and treat the decedent's, Michael Foster, abundant muco-inflammatory secretion;

(u)     failing to properly and adequately monitor the decedent's, Michael Foster, airway post-extubation;

(v)     failing to properly and adequately suction the decedent's, Michael Foster, airway post-extubation;

(w)     ordering and extubating the decedent, Michael Foster, in the presence of abundant airway secretions and acute inflammatory diseases of the upper airway and lungs;

(x)     failing to properly and adequately monitor the decedent's, Michael Foster, arterial blood gas levels;

(y)     failing to timely diagnose and treat the decedent's, Michael Foster, decrease in his pH;

(z)     failing to timely diagnose and treat the decedent's, Michael Foster, increase in PCO2;

(aa)     failing to timely diagnose and treat the decedent's, Michael Foster, decrease in PO2;

(bb)     failing to recognize and appreciate the decedent, Michael Foster, was incapable of maintaining adequate gas exchange off mechanical ventilation;

(cc)     failing to recognize and appreciate that the decedent, Michael Foster, required re-intubation;

(dd)    failing to timely re-intubate the decedent, Michael Foster, following extubation;

(ee)    failing to timely re-intubate the decedent, Michael Foster, and prevent him from suffering a cardio-pulmonary arrest and death;

(ff)    failing to timely intervene and treat the decedent's, Michael Foster, respiratory inadequacy and prevent him from suffering a cardio-pulmonary arrest and death;

(gg)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering leading up to and at the time of his death;

(hh)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering from his delirium tremens, including vivid and terrifying halucinations;

(ii)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering while having a nasal trumpet airway placed;

(jj)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering due to an abundant amount of airway secretions;

(kk)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering when he suffered respiratory failure;

(ll)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering when he suffered with air hunger;

(mm)   the Defendants' deviations from accepted standards of care and patient safety rules were a direct and proximate cause for the decedent's, Michael Foster, cardio-pulmonary arrest and untimely death; and

(nn) the Defendants' deviations from accepted standards of care and patient safety rules were a direct and proximate cause of the decedent, Michael Foster, experiencing severe physical conscious pain and suffering.

97.     The negligence of Defendant Richi Mehta, M.D. was a substantial and contributing factor in causing decedent's, Michael Foster, injuries and damages.

98.     Defendant Richi Mehta, M.D. is vicariously liable for the acts and/or omissions of all other Defendants, their employees, servants, agents and/or ostensible agents.

WHEREFORE, Plaintiffs, hereby demand judgment in their favor and against Defendant Richi Mehta, M.D. jointly and severally, in a sum in excess of the jurisdictional limits for arbitration, together with interest and costs.

## COUNT IX-NEGLIGENCE

## V. ADITYA SOOD, M.D.

99.     The averments contained in the preceding paragraphs are incorporated herein by reference as though fully set forth at length.

100.     The negligence of and carelessness of Defendant Aditya Sood, M.D. consists of one or more of the following:

(a)     failing to recognize the decedent, Michael Foster, was at an increased risk of developing delirium tremens;

(b)     failing to implement appropriate preventative safety measure post-operatively to timely recognize the development of delirium tremens;

(c)     failing to consider delirium tremens as a potential post-operative diagnosis;

(d)   failing to timely diagnose decedent's, Michael Foster, delirium tremens;

(e)   failing to timely treat decedent's, Michael foster, delirium tremens;

(f)   extubating the decedent, Michael Foster, post-operatively while he experienced delirium tremens;

(g)   failing to recognize that the decedent, Michael Foster, was delirious throughout the post-operative period;

(h)   placing the decedent, Michael Foster, in physical restraints post-operatively while he was in a delirious state;

(i)   failing to anticipate and recognize that the decedent, Michael Foster, was at an increased risk of suffering with respiratory failure;

(j)   failing to timely diagnose and treat the decedent's, Michael Foster, respiratory failure;

(k)   failing to recognize that sedating agents, such as fentanyl, are powerful respiratory depressants that would increase the risk of the decedent, Michael Foster, developing respiratory failure;

(l)   failing to recognize that the decedent, Michael Foster, had marginal respiratory reserve post-operatively;

(m)   ordering and administering narcotic sedation to the decedent, Michael Foster, after he was extubated;

(n)   failing to anticipate and recognize that the decedent, Michael Foster, was not able to follow commands;

(o)     failing to anticipate and recognize that the decedent, Michael Foster, was not able to protect his airway adequately post-operatively;

(p)     ordering and extubating the decedent, Michael Foster, in the presence of significant delirium;

(q)     failing to timely diagnose and treat the decedent's, Michael Foster, respiratory impairment upon extubation;

(r)     failure to secure the patency of the decedent's, Michael Foster, upper airway following extubation;

(s)     failing to timely diagnose and treat the decedent's, Michael Foster, acute nonspecific bronchitis and bronchiolitis;

(t)     failing to timely diagnose and treat the decedent's, Michael Foster, abundant muco-inflammatory secretion;

(u)     failing to properly and adequately monitor the decedent's, Michael Foster, airway post-extubation;

(v)     failing to properly and adequately suction the decedent's, Michael Foster, airway post-extubation;

(w)     ordering and extubating the decedent, Michael Foster, in the presence of abundant airway secretions and acute inflammatory diseases of the upper airway and lungs;

(x)     failing to properly and adequately monitor the decedent's, Michael Foster, arterial blood gas levels;

(y)     failing to timely diagnose and treat the decedent's, Michael Foster, decrease in his pH;

(z)     failing to timely diagnose and treat the decedent's, Michael Foster, increase in PCO2;

(aa)    failing to timely diagnose and treat the decedent's, Michael Foster, decrease in PO2;

(bb)    failing to recognize and appreciate the decedent, Michael Foster, was incapable of maintaining adequate gas exchange off mechanical ventilation;

(cc)    failing to recognize and appreciate that the decedent, Michael Foster, required re-intubation;

(dd)    failing to timely re-intubate the decedent, Michael Foster, following extubation;

(ee)    failing to timely re-intubate the decedent, Michael Foster, and prevent him from suffering a cardio-pulmonary arrest and death;

(ff)    failing to timely intervene and treat the decedent's, Michael Foster, respiratory inadequacy and prevent him from suffering a cardio-pulmonary arrest and death;

(gg)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering leading up to and at the time of his death;

(hh)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering from his delirium tremens, including vivid and terrifying halucinations;

(ii)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering while having a nasal trumpet airway placed;

(jj)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering due to an abundant amount of airway secretions;

(kk)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering when he suffered respiratory failure;

(ll)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering when he suffered with air hunger;

(mm)  the Defendants' deviations from accepted standards of care and patient safety rules were a direct and proximate cause for the decedent's, Michael Foster, cardio-pulmonary arrest and untimely death; and

(nn) the Defendants' deviations from accepted standards of care and patient safety rules were a direct and proximate cause of the decedent, Michael Foster, experiencing severe physical conscious pain and suffering.

101.     The negligence of Defendant Aditya Sood, M.D. was a substantial and contributing factor in causing decedent's, Michael Foster, injuries and damages.

102.     Defendant Aditya Sood, M.D. is vicariously liable for the acts and/or omissions of all other Defendants, their employees, servants, agents and/or ostensible agents.

WHEREFORE, Plaintiffs, hereby demand judgment in their favor and against Defendant Aditya Sood, M.D. jointly and severally, in a sum in excess of the jurisdictional limits for arbitration, together with interest and costs.

## COUNT X-NEGLIGENCE

## V. VAMSI V. ALLI, M.D.

103.     The averments contained in the preceding paragraphs are incorporated herein by reference as though fully set forth at length.

104.     The negligence of and carelessness of Defendant Vamsi V. Alli, M.D. consists of one or more of the following:

(a)     failing to recognize the decedent, Michael Foster, was at an increased risk of developing delirium tremens;

(b)     failing to implement appropriate preventative safety measure post-operatively to timely recognize the development of delirium tremens;

(c)     failing to consider delirium tremens as a potential post-operative diagnosis;

(d)     failing to timely diagnose decedent's, Michael Foster, delirium tremens;

(e)     failing to timely treat decedent's, Michael foster, delirium tremens;

(f)     extubating the decedent, Michael Foster, post-operatively while he experienced delirium tremens;

(g)     failing to recognize that the decedent, Michael Foster, was delirious throughout the post-operative period;

(h)     placing the decedent, Michael Foster, in physical restraints post-operatively while he was in a delirious state;

(i)     failing to anticipate and recognize that the decedent, Michael Foster, was at an increased risk of suffering with respiratory failure;

(j)     failing to timely diagnose and treat the decedent's, Michael Foster, respiratory failure;

(k)     failing to recognize that sedating agents, such as fentanyl, are powerful respiratory depressants that would increase the risk of the decedent, Michael Foster, developing respiratory failure;

(l)     failing to recognize that the decedent, Michael Foster, had marginal respiratory reserve post-operatively;

(m)     ordering and administering narcotic sedation to the decedent, Michael Foster, after he was extubated;

(n)     failing to anticipate and recognize that the decedent, Michael Foster, was not able to follow commands;

(o)     failing to anticipate and recognize that the decedent, Michael Foster, was not able to protect his airway adequately post-operatively;

(p)     ordering and extubating the decedent, Michael Foster, in the presence of significant delirium;

(q)     failing to timely diagnose and treat the decedent's, Michael Foster, respiratory impairment upon extubation;

(r)     failure to secure the patency of the decedent's, Michael Foster, upper airway following extubation;

(s)     failing to timely diagnose and treat the decedent's, Michael Foster, acute nonspecific bronchitis and bronchiolitis;

(t)     failing to timely diagnose and treat the decedent's, Michael Foster, abundant muco-inflammatory secretion;

(u)     failing to properly and adequately monitor the decedent's, Michael Foster, airway post-extubation;

(v)     failing to properly and adequately suction the decedent's, Michael Foster, airway post-extubation;

(w)     ordering and extubating the decedent, Michael Foster, in the presence of abundant airway secretions and acute inflammatory diseases of the upper airway and lungs;

(x)     failing to properly and adequately monitor the decedent's, Michael Foster, arterial blood gas levels;

(y)     failing to timely diagnose and treat the decedent's, Michael Foster, decrease in his pH;

(z)     failing to timely diagnose and treat the decedent's, Michael Foster, increase in PCO2;

(aa)    failing to timely diagnose and treat the decedent's, Michael Foster, decrease in PO2;

(bb)    failing to recognize and appreciate the decedent, Michael Foster, was incapable of maintaining adequate gas exchange off mechanical ventilation;

(cc)    failing to recognize and appreciate that the decedent, Michael Foster, required re-intubation;

(dd)    failing to timely re-intubate the decedent, Michael Foster, following extubation;

(ee)    failing to timely re-intubate the decedent, Michael Foster, and prevent him from suffering a cardio-pulmonary arrest and death;

(ff)     failing to timely intervene and treat the decedent's, Michael Foster, respiratory inadequacy and prevent him from suffering a cardio-pulmonary arrest and death;

(gg)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering leading up to and at the time of his death;

(hh)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering from his delirium tremens, including vivid and terrifying halucinations;

(ii)     the decedent, Michael Foster, experienced severe physical conscious pain and suffering while having a nasal trumpet airway placed;

(jj)     the decedent, Michael Foster, experienced severe physical conscious pain and suffering due to an abundant amount of airway secretions;

(kk)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering when he suffered respiratory failure;

(ll)     the decedent, Michael Foster, experienced severe physical conscious pain and suffering when he suffered with air hunger;

(mm)  the Defendants' deviations from accepted standards of care and patient safety rules were a direct and proximate cause for the decedent's, Michael Foster, cardio-pulmonary arrest and untimely death; and

(nn) the Defendants' deviations from accepted standards of care and patient safety rules were a direct and proximate cause of the decedent, Michael Foster, experiencing severe physical conscious pain and suffering.

105.     The negligence of Defendant Vamsi V. Alli, M.D. was a substantial and contributing factor in causing decedent's, Michael Foster, injuries and damages.

106.     Defendant Vamsi V. Alli, M.D. is vicariously liable for the acts and/or omissions of all other Defendants, their employees, servants, agents and/or ostensible agents.

WHEREFORE, Plaintiffs, hereby demand judgment in their favor and against Defendant Vamsi V. Alli, M.D. jointly and severally, in a sum in excess of the jurisdictional limits for arbitration, together with interest and costs.

## COUNT XI-NEGLIGENCE

## V. NEIL KING, M.D.

107.     The averments contained in the preceding paragraphs are incorporated herein by reference as though fully set forth at length.

108.     The negligence of and carelessness of Defendant Neil King, M.D. consists of one or more of the following:

(a)     failing to recognize the decedent, Michael Foster, was at an increased risk of developing delirium tremens;

(b)     failing to implement appropriate preventative safety measure post-operatively to timely recognize the development of delirium tremens;

(c)     failing to consider delirium tremens as a potential post-operative diagnosis;

(d)     failing to timely diagnose decedent's, Michael Foster, delirium tremens;

(e)     failing to timely treat decedent's, Michael foster, delirium tremens;

(f)     extubating the decedent, Michael Foster, post-operatively while he experienced delirium tremens;

(g)     failing to recognize that the decedent, Michael Foster, was delirious throughout the post-operative period;

(h)     placing the decedent, Michael Foster, in physical restraints post-operatively while he was in a delirious state;

(i)     failing to anticipate and recognize that the decedent, Michael Foster, was at an increased risk of suffering with respiratory failure;

(j)     failing to timely diagnose and treat the decedent's, Michael Foster, respiratory failure;

(k)     failing to recognize that sedating agents, such as fentanyl, are powerful respiratory depressants that would increase the risk of the decedent, Michael Foster, developing respiratory failure;

(l)     failing to recognize that the decedent, Michael Foster, had marginal respiratory reserve post-operatively;

(m)     ordering and administering narcotic sedation to the decedent, Michael Foster, after he was extubated;

(n)     failing to anticipate and recognize that the decedent, Michael Foster, was not able to follow commands;

(o)     failing to anticipate and recognize that the decedent, Michael Foster, was not able to protect his airway adequately post-operatively;

(p)     ordering and extubating the decedent, Michael Foster, in the presence of significant delirium;

(q)    failing to timely diagnose and treat the decedent's, Michael Foster, respiratory impairment upon extubation;

(r)    failure to secure the patency of the decedent's, Michael Foster, upper airway following extubation;

(s)    failing to timely diagnose and treat the decedent's, Michael Foster, acute nonspecific bronchitis and bronchiolitis;

(t)    failing to timely diagnose and treat the decedent's, Michael Foster, abundant muco-inflammatory secretion;

(u)    failing to properly and adequately monitor the decedent's, Michael Foster, airway post-extubation;

(v)    failing to properly and adequately suction the decedent's, Michael Foster, airway post-extubation;

(w)    ordering and extubating the decedent, Michael Foster, in the presence of abundant airway secretions and acute inflammatory diseases of the upper airway and lungs;

(x)    failing to properly and adequately monitor the decedent's, Michael Foster, arterial blood gas levels;

(y)    failing to timely diagnose and treat the decedent's, Michael Foster, decrease in his pH;

(z)    failing to timely diagnose and treat the decedent's, Michael Foster, increase in PCO2;

(aa)    failing to timely diagnose and treat the decedent's, Michael Foster, decrease in PO2;

(bb)   failing to recognize and appreciate the decedent, Michael Foster, was incapable of maintaining adequate gas exchange off mechanical ventilation;

(cc)   failing to recognize and appreciate that the decedent, Michael Foster, required re-intubation;

(dd)   failing to timely re-intubate the decedent, Michael Foster, following extubation;

(ee)   failing to timely re-intubate the decedent, Michael Foster, and prevent him from suffering a cardio-pulmonary arrest and death;

(ff)   failing to timely intervene and treat the decedent's, Michael Foster, respiratory inadequacy and prevent him from suffering a cardio-pulmonary arrest and death;

(gg)   the decedent, Michael Foster, experienced severe physical conscious pain and suffering leading up to and at the time of his death;

(hh)   the decedent, Michael Foster, experienced severe physical conscious pain and suffering from his delirium tremens, including vivid and terrifying halucinations;

(ii)   the decedent, Michael Foster, experienced severe physical conscious pain and suffering while having a nasal trumpet airway placed;

(jj)   the decedent, Michael Foster, experienced severe physical conscious pain and suffering due to an abundant amount of airway secretions;

(kk)   the decedent, Michael Foster, experienced severe physical conscious pain and suffering when he suffered respiratory failure;

(ll)     the decedent, Michael Foster, experienced severe physical conscious pain and suffering when he suffered with air hunger;

(mm)  the Defendants' deviations from accepted standards of care and patient safety rules were a direct and proximate cause for the decedent's, Michael Foster, cardio-pulmonary arrest and untimely death; and

(nn) the Defendants' deviations from accepted standards of care and patient safety rules were a direct and proximate cause of the decedent, Michael Foster, experiencing severe physical conscious pain and suffering.

109.     The negligence of Defendant Neil King, M.D. was a substantial and contributing factor in causing decedent's, Michael Foster, injuries and damages.

110.     Defendant Neil King, M.D. is vicariously liable for the acts and/or omissions of all other Defendants, their employees, servants, agents and/or ostensible agents.

WHEREFORE, Plaintiffs, hereby demand judgment in their favor and against Defendant Neil King, M.D. jointly and severally, in a sum in excess of the jurisdictional limits for arbitration, together with interest and costs.

## COUNT XII-NEGLIGENCE

## V. JOHN DOES 1-10, JANE DOES 1-10 & ABC CORPS. 1-10

111.     The averments contained in the preceding paragraphs are incorporated herein by reference as though fully set forth at length.

112.     The negligence of and carelessness of Defendants John Does 1-10, Jane Does 1-10 and ABC Corps. 1-10 consists of one or more of the following:

(a)     failing to recognize the decedent, Michael Foster, was at an

increased risk of developing delirium tremens;

      (b)    failing to implement appropriate preventative safety measure post-operatively to timely recognize the development of delirium tremens;

      (c)    failing to consider delirium tremens as a potential post-operative diagnosis;

      (d)    failing to timely diagnose decedent's, Michael Foster, delirium tremens;

      (e)    failing to timely treat decedent's, Michael foster, delirium tremens;

      (f)    extubating the decedent, Michael Foster, post-operatively while he experienced delirium tremens;

      (g)    failing to recognize that the decedent, Michael Foster, was delirious throughout the post-operative period;

      (h)    placing the decedent, Michael Foster, in physical restraints post-operatively while he was in a delirious state;

      (i)    failing to anticipate and recognize that the decedent, Michael Foster, was at an increased risk of suffering with respiratory failure;

      (j)    failing to timely diagnose and treat the decedent's, Michael Foster, respiratory failure;

      (k)    failing to recognize that sedating agents, such as fentanyl, are powerful respiratory depressants that would increase the risk of the decedent, Michael Foster, developing respiratory failure;

      (l)    failing to recognize that the decedent, Michael Foster, had marginal respiratory reserve post-operatively;

(m)     ordering and administering narcotic sedation to the decedent, Michael Foster, after he was extubated;

(n)     failing to anticipate and recognize that the decedent, Michael Foster, was not able to follow commands;

(o)     failing to anticipate and recognize that the decedent, Michael Foster, was not able to protect his airway adequately post-operatively;

(p)     ordering and extubating the decedent, Michael Foster, in the presence of significant delirium;

(q)     failing to timely diagnose and treat the decedent's, Michael Foster, respiratory impairment upon extubation;

(r)     failure to secure the patency of the decedent's, Michael Foster, upper airway following extubation;

(s)     failing to timely diagnose and treat the decedent's, Michael Foster, acute nonspecific bronchitis and bronchiolitis;

(t)     failing to timely diagnose and treat the decedent's, Michael Foster, abundant muco-inflammatory secretion;

(u)     failing to properly and adequately monitor the decedent's, Michael Foster, airway post-extubation;

(v)     failing to properly and adequately suction the decedent's, Michael Foster, airway post-extubation;

(w)     ordering and extubating the decedent, Michael Foster, in the presence of abundant airway secretions and acute inflammatory diseases of the upper airway and lungs;

(x)     failing to properly and adequately monitor the decedent's, Michael Foster, arterial blood gas levels;

(y)     failing to timely diagnose and treat the decedent's, Michael Foster, decrease in his pH;

(z)     failing to timely diagnose and treat the decedent's, Michael Foster, increase in PCO2;

(aa)    failing to timely diagnose and treat the decedent's, Michael Foster, decrease in PO2;

(bb)    failing to recognize and appreciate the decedent, Michael Foster, was incapable of maintaining adequate gas exchange off mechanical ventilation;

(cc)    failing to recognize and appreciate that the decedent, Michael Foster, required re-intubation;

(dd)    failing to timely re-intubate the decedent, Michael Foster, following extubation;

(ee)    failing to timely re-intubate the decedent, Michael Foster, and prevent him from suffering a cardio-pulmonary arrest and death;

(ff)    failing to timely intervene and treat the decedent's, Michael Foster, respiratory inadequacy and prevent him from suffering a cardio-pulmonary arrest and death;

(gg)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering leading up to and at the time of his death;

(hh)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering from his delirium tremens, including vivid and terrifying halucinations;

(ii)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering while having a nasal trumpet airway placed;

(jj)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering due to an abundant amount of airway secretions;

(kk)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering when he suffered respiratory failure;

(ll)    the decedent, Michael Foster, experienced severe physical conscious pain and suffering when he suffered with air hunger;

(mm)  the Defendants' deviations from accepted standards of care and patient safety rules were a direct and proximate cause for the decedent's, Michael Foster, cardio-pulmonary arrest and untimely death; and

(nn) the Defendants' deviations from accepted standards of care and patient safety rules were a direct and proximate cause of the decedent, Michael Foster, experiencing severe physical conscious pain and suffering.

113.    The negligence of Defendants John Does 1-10, Jane Does 1-10 and ABC Corps. 1-10 was a substantial and contributing factor in causing decedent's, Michael Foster, injuries and damages.

114.    Defendants John Does 1-10, Jane Does 1-10 and ABC Corps. 1-10 are vicariously liable for the acts and/or omissions of all other Defendants, their employees, servants, agents and/or ostensible agents.

WHEREFORE, Plaintiffs, hereby demand judgment in their favor and against Defendants John Does 1-10, Jane Does 1-10 and ABC Corps. 1-10 jointly and severally, in a sum in excess of the jurisdictional limits for arbitration, together with interest and costs.

### COUNT XIII-VICARIOUS LIABILITY

### V. UNITED STATES OF AMERICA, U.S. DEPARTMENT OF VETERANS AFFAIRS, VA NEW JERSEY HEALTH CARE SYSTEM, EAST ORANGE CAMPUS VA HOSPITAL & ABC CORPS. 1-10

115.      The averments contained in the preceding paragraphs are incorporated herein by reference as though fully set forth at length.

116.      The negligence and carelessness of Defendants John W. Katz, M.D., James S. Donahoo, M.D., William F. Fallon, M.D., Richi Mehta, M.D., Aditya Sood, M.D., Vamsi V. Alli, M.D., Neil King, M.D., John Does 1-10, Jane Does 1-10 is vicarious to the negligence of Defendants United States of America, U.S. Department of Veterans Affairs, VA New Jersey Health Care System, East Orange Campus VA Hospital and ABC Corps. 1-10, their employees, servants, agents and ostensible agents and consist of the acts or omission set forth in Counts I through XII, which are incorporated herein by reference.

117.      The negligence and carelessness of Defendants United States of America, U.S. Department of Veterans Affairs, VA New Jersey Health Care System, East Orange Campus VA Hospital and ABC Corps. 1-10 was a substantial and contributing factor in causing Plaintiffs' injuries and damages.

WHEREFORE, Plaintiffs hereby demands judgment in his favor and against Defendants United States of America, U.S. Department of Veterans Affairs, VA New

Jersey Health Care System and East Orange Campus VA Hospital jointly and severally, in a sum in excess of the jurisdictional limits for arbitration, together with interest and costs.

## DAMAGES

118.     As a result of Defendants' negligence, carelessness, recklessness and disregard for accepted standards of care and patient safety rules, Plaintiffs have suffered devastating and permanent, physical and emotional physical injuries and emotional harm as a result of the medical condition noted above.

119.     As a further result of Defendants' negligence, the decedent, Michael Foster, suffered various damages between the June 24, 2013 and the time of his death, including severe physical conscious pain, disability and impairment and loss of enjoyment of life.

120.     As a further result of Defendants' negligence, the Plaintiffs incurred hospital and medical expenses and loss of the decedent's, Michael Foster, earnings.

121.     As a further result of Defendants' negligence, the Plaintiffs suffered damages in the form of financial losses as a result of the decedent's, Michael Foster, untimely death.

WHEREFORE, Plaintiffs hereby demand judgment in their favor against the Defendants John W. Katz, M.D., James S. Donahoo, M.D., William F. Fallon, M.D., Richi Mehta, M.D., Aditya Sood, M.D., Vamsi V. Alli, M.D., Neil King, M.D., United States of America, U.S. Department of Veterans Affairs, VA New Jersey Health Care System, East Orange Campus VA Hospital, John Does 1-10, Jane Does 1-10 and ABC

Corps. 1-10 jointly and severally, in a sum in excess of the jurisdictional limits for arbitration, together with interest and cost.

## REJECTION OF ANY NOTICES OF ALLOCATION

Plaintiffs reject any Notices of Allocation asserted by any Defendant. Plaintiffs insist that the details upon which any claim of allocation is based be provided to Plaintiffs in a timely manner in discovery as is required by <u>Young v. Latta</u>, 123 N.J. 584 (1991).

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury as to all issues involved herein.

## DEMAND FOR INSURANCE COVERAGE

Defendants are demanded to provide a complete copy of their applicable liability insurance policies including any excess or umbrella policies, with declaration sheets, as well as the requisite Certifications regarding same within fifty (50) days of service of this Complaint.

## DEMAND FOR TRANSCRIPTION

Plaintiffs demand that each Defendant produce a typed transcription of any and all of his/her handwritten office records and hospital records within thirty (30) days of service of the Complaint.

Paul M. da Costa, Esq.
Snyder & Sarno, LLC
Attorneys for Plaintiff

Dated: November 9, 2015